STATE OF CONNECTICUT *v.* STANLEY WILLIAMS
(6789)

BORDEN, DALY and JACOBSON, Js.

Argued March 1—decision released May 30, 1989

*Vincent Turley,* for the appellant (defendant).

*Vincent J. Dooley,* deputy asssistant state's attorney, with whom, on the brief, were *Herbert E. Carlson, Jr.,* assistant state's attorney, and *John Bailey,* state's attorney, for the appellee (state).

DALY, J. The defendant appeals from the judgment of conviction, after a jury trial, of assault in the first degree in violation of General Statutes § 53a-59 (a) (1),[1] reckless endangerment in the first degree in violation of General Statutes § 53a-63 (a)[2] and risk of injury to a child in violation of General Statutes § 53-21.[3] The defendant claims on appeal that the trial court erred (1) in finding sufficient evidence to sustain the convictions, and (2) in denying his motion to suppress.

---

[1] General Statutes § 53a-59 (a) (1) provides: "A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or dangerous instrument."

[2] General Statutes § 53a-63 (a) provides: "A person is guilty of reckless endangerment in the first degree when, with extreme indifference to human life, he recklessly engages in conduct which creates a risk of serious physical injury to another person."

[3] General Statutes § 53-21 provides: "Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

The jury could reasonably have found the following facts. On May 11, 1986, at approximately 6 p.m., the defendant, with whom were two male passengers, parked an automobile in front of 254 Davis Drive in Bristol. Shots were fired from the automobile at the apartment of Linda Dudley, who lived at 254 Davis Drive with her two children, aged four years and nine months. Kenneth Slaughter, Dudley's boyfriend, was struck in the neck by a bullet fired from a .22 caliber weapon as he approached Dudley's front door. Dudley and her children were in the apartment at this time. The defendant and his passengers drove away, at which time Dudley fled from her apartment with the four year old child. The nine month old child was left sleeping on a couch in the apartment.

The three men in the automobile returned shortly and several more shots were fired into the apartment. Dudley and her older child returned to the apartment after the second round of shooting ceased and found the baby unharmed. There were, however, bullet holes in the walls of the apartment and the furniture; one bullet was found lodged in the couch on which the baby was sleeping.

The state's witnesses testified that the defendant fired the weapon from the driver's seat of the automobile. Defense witnesses claimed the shooting was done by one of the passengers. The defendant had been observed earlier that day at the home of Slaughter's father carrying a rifle partially wrapped in a jacket and attempting to provoke a fight with Slaughter.

The defendant first challenges the sufficiency of the evidence to sustain his convictions. His sole and specific claim in this regard is that the evidence presented at trial was insufficient to show that he was the perpetrator of the crimes. We disagree.

" 'The issue of sufficiency of the evidence and its appropriate standard of review have been analyzed countless times by both this court and our Supreme Court.' . . . ' "The issue is whether the jury could reasonably have concluded, upon the facts established and the reasonable inferences drawn therefrom, that the cumulative effect of the evidence was sufficient to justify the verdict of guilty beyond a reasonable doubt." ' " (Citations omitted.) *State* v. *Ruth,* 16 Conn. App. 148, 153, 547 A.2d 548, cert. denied, 209 Conn. 827, 552 A.2d 433 (1988).

The defendant claims that the evidence regarding the identity of the perpetrator was insufficient because certain witnesses identified the defendant as the assailant, while other witnesses named one of the passengers. It is obvious from the verdict that the jury chose to believe the state's version of the evidence and to disbelieve the defendant's version. It is for the jury, not this court, "to untangle the knotted and sometimes broken lines of testimony" and to resolve any discrepancies therein. *State* v. *Gaynor,* 182 Conn. 501, 504, 438 A.2d 749 (1980). We conclude that, on the basis of the evidence presented at trial, the jury could reasonably have found that the defendant fired the shots, thereby committing the offenses with which he was charged.

The defendant's final claim of error concerns the trial court's denial of his motion to suppress certain evidence seized from his car pursuant to a search warrant.[4] Pursuant to General Statutes § 54-33c,[5] he posits a two-pronged attack on the ruling—that an inventory of the property seized was never filed, and that the warrant

---

[4] The Bristol police seized four .22 caliber cartridge casings from the defendant's car on May 13, 1986.

[5] General Statutes § 54-33c provides in pertinent part: "The warrant shall be executed within ten days and returned with reasonable promptness consistent with due process of law and shall be accompanied by a written inventory of all property seized."

was not promptly returned—and asserts that under either theory the evidence should have been suppressed.

Certain additional facts are necessary for the disposition of this claim. On May 13, 1986, two days after the shooting incident, Waterbury police officer Edward Stevens located the defendant's automobile in a parking lot in Waterbury. The Bristol police department had notified the Waterbury police department that the defendant was wanted in connection with the shootings. Upon learning of the automobile's location, the Bristol police obtained a search warrant for it. While the automobile was in Waterbury, Bristol police officer Edward Wadowski observed the vehicle and noticed two .22 caliber cartridge casings on the shelf below the rear window. When the automobile was returned to Bristol, the interior was searched, and two additional .22 caliber cartridge casings were discovered underneath the rear seat. The four casings were the only items seized from the vehicle. Wadowski testified that he filed the warrant and inventory of the seized property at the Superior Court in Bristol the day after he executed the warrant. At the time of trial, however, the original warrant and inventory could not be located. Donna Fiertek, the clerk of geographical area seventeen, testified that the original warrant and inventory were filed on May 13, 1986.[6]

The defendant moved to suppress the four casings seized from his automobile on the same grounds he now raises on appeal.[7] The trial court denied the motion,

[6] There appears to be a discrepancy in the testimony regarding the return date of the warrant. Fiertek testified that the date was May 13, 1986. According to Wodowski's testimony, however, the warrant was executed on May 13, 1986, and the return date presumably should have been May 14, 1986.

[7] At the hearing on the motion to suppress, the defendant also argued that his automobile was illegally seized by the Waterbury police department. The trial court found that this initial seizure was reasonable. The defendant has not challenged this finding on appeal.

finding that Wadowski had prepared an inventory in conjunction with the warrant and had filed it with the warrant, and Wadowski had returned the warrant to court the day after it was executed.

The defendant's argument is unavailing. The trial court's conclusions depend on its findings as to the credibility of the witnesses; we are not free to reevaluate that credibility. *State* v. *Coriano,* 12 Conn. App. 196, 203, 530 A.2d 197, cert. denied, 205 Conn. 810, 532 A.2d 77 (1987). In view of the evidence presented, we cannot say that the court's factual finding of compliance with General Statutes § 54-33c was clearly erroneous. Practice Book § 4061.

There is no error.

In this opinion the other judges concurred.